IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.K., <br>   Plaintiff, <br>                    v. <br> MAIN STREET LODGING, INC., *doing business as* SUNDOWN SUITES, <br>   Defendant. | Civil Action No. <br> 1:24-cv-02031-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant Main Street Lodging, Inc.'s motion to strike certain paragraphs of Plaintiff's complaint [ECF 7] and Plaintiff J.K.'s motion for leave to file a second amended complaint [ECF 59]. For the following reasons, Plaintiff's motion is **GRANTED**, and therefore Defendant's motion is **DENIED AS MOOT**.

**I.      Plaintiff's Motion for Leave to Amend**

Plaintiff seeks leave to file a second amended complaint adding Asha Management, LLC as a defendant.[1] Defendant did not file a response to Plaintiff's motion, and pursuant to Local Rule 7.1(B), NDGa, Defendant is deemed not to oppose Plaintiff's motion.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

---

[1]   ECF 59.

1

Rule 15 also states that "[t]he court should freely give leave when justice so requires." *Id*. However, the decision of whether to grant leave to amend is committed to the sound discretion of the trial court. *S. Grouts & Mortars., Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009). The Eleventh Circuit has advised that a court should deny leave only "where there is [a] substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008).

Plaintiff states that she learned of Asha Management's alleged involvement in the subject matter of this litigation during a deposition on October 17, 2024.[2] Plaintiff filed her motion on November 4.[3]

Seeing no objection from Defendant, the Court concludes that allowing Plaintiff to amend her complaint is in the interests of justice, and therefore Plaintiff's motion is **GRANTED**.

II.   **Defendant's Motion to Strike**

After filing an answer to Plaintiff's initial complaint, Defendant filed a motion to strike paragraphs 34–35, 37–45, and 54–55 from the complaint on the

---

[2]   *Id.* at 2.

[3]   *Id.*

grounds that those paragraphs were immaterial, salacious, and prejudicial to Defendant.[4] Subsequently, Plaintiff filed a first amended complaint and a response to Defendant's motion arguing that the motion should be denied as moot.[5] Defendant has also filed an answer to Plaintiff's first amended complaint.[6]

"An amended complaint supersedes the original complaint and becomes the operative pleading in the case." *Sarvint Techs., Inc. v. Omsignal, Inc.*, 161 F. Supp. 3d 1250, 1257 n.2 (N.D. Ga. 2015) (citing *Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Defendant's motion to strike was directed at Plaintiff's original complaint, which has since been amended. The Court has also reviewed the original complaint and the proposed second amended complaint, and it appears that the purportedly offending material has been removed by Plaintiff's amendments.[7] Accordingly, Defendant's motion to strike [ECF 7] is **DENIED AS MOOT**.

### III. Conclusion

Plaintiff's motion for leave to file a second amended complaint [ECF 59] is **GRANTED**. The Clerk is **DIRECTED** to enter Plaintiff's proposed second

---

[4]   ECF 7.

[5]   ECFs 9, 10.

[6]   ECF 19.

[7]   *Compare* ECF 1, ¶¶ 34–35, 37–45, 54–55, *with* ECF 59-2.

amended complaint [ECF 59-2] separately on the docket and add Asha Management, LLC as a defendant. Plaintiff is **DIRECTED** to effectuate service on Asha Management within 30 days of this Order.

Defendant's motion to strike certain paragraphs of Plaintiff's complaint [ECF 7] is **DENIED AS MOOT**.

**SO ORDERED** this 27th day of March, 2025.

Steven D. Grimberg
United States District Judge
